### In re B. COHEN AND SONS CATERERS, INC.

### Civ. A. No. 92–2850.

United States District Court, E.D. Pennsylvania.

July 8, 1992.

Paul Breen, Philadelphia, Pa., for B. Cohen and Sons Caterers, Inc.

Joseph S. Grossman, Albert Shapiro, Philadelphia, Pa., for Yetta Marino.

Frederic Baker, Philadelphia, Pa., trustee.

### MEMORANDUM AND FINAL JUDGMENT

HUTTON, District Judge.

Presently before the Court is the appeal of Yetta Marino of the April 10, 1992 Order of the Bankruptcy Court. The debtor has informed the Court that it would not be filing a brief in opposition to the Appeal. For the following reasons, the Appeal is SUSTAINED and the Order of the Bankruptcy Court VACATED. The matter is remanded for further proceedings not inconsistent with this opinion.

Yetta Marino appeals from the Bankruptcy Court's Order which denied her claim for post-petition tort injuries administrative status. The debtor filed for Chapter 11 bankruptcy protection in September of 1987. On December 2, 1987, the appellant attended a function at the debtor's catering establishment. While attending the function, the appellant allegedly slipped and fell sustaining injuries. In March of 1988, the appellant filed suit against the debtor. The appellant filed a proof of claim with the Bankruptcy Court asserting that her claim

was entitled to administrative status. The debtor objected to the proof of claim of the appellant and the Bankruptcy Court denied the claim administrative status.

Appellant cites *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) and a line of cases following it in support of its request for administrative status. In these cases, courts have created categories of costs that are entitled to administrative-expense status as "actual, necessary" costs of preserving the estate even though these costs do not confer an actual benefit on the estate. *In re N.P. Mining Co., Inc.*, 963 F.2d 1449 (11th Cir.1992).

Section 503(b) reads in part:

After notice and a hearing, there shall be allowed, administrative expenses, ... including—(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case....

"One policy behind this section is 'to facilitate the rehabilitation of insolvent businesses by encouraging third parties to provide those businesses with necessary goods and services.'" *In re N.P. Mining Co.*, at 1453, *United Trucking Serv., Inc. v. Trailer Rental Co., Inc. (In re United Trucking Serv., Inc.)*, 851 F.2d 159, 161 (6th Cir.1988) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir.1976)). Without a guarantee of first-priority payment, third parties would not deal with a business in Chapter 11 reorganization, and the goal of rehabilitation could not be achieved. *Id.* Another "overriding concern in the [Bankruptcy] Act [is] with keeping fees and administrative expenses at a minimum so as to preserve as much of the estate as possible for the creditors." *Otte v. United States*, 419 U.S. 43, 53, 95 S.Ct. 247, 254, 42 L.Ed.2d 212 (1974). Several courts such as the Bankruptcy Court below

have interpreted section 503(b)(1)(A) narrowly applying it only to those costs that either help to rehabilitate the business or to preserve the estate's assets.[1] The court below following one of its prior decisions in *In re Philadelphia Mortgage Trust*, 117 B.R. 820, 825–28 (Bankr.E.D.Pa.1990), required a showing of actual benefit to the estate before allowing administrative priority. *In re B. Cohen and Sons Caterers, Inc.*, Bankr. # 87–04917S, 1992 WL 77753, (Bankr.E.D.Pa., April 10, 1992).

The court in *N.P. Mining* held that such a reading "ignores that there are other policies also involved in section 503(b)." 963 F.2d at 1454.

The Supreme Court has not construed the meaning of administrative expenses narrowly. Interpreting section 64(a)(1) of the former Bankruptcy Act (codified at 11 U.S.C. § 104(a)(1)), the predecessor to section 503(b), the Court, holding that tort claims were "actual and necessary" costs, stated: [D]ecisions in analogous cases suggest that "actual and necessary costs" should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible. It has long been the rule of equity receiverships that torts of the receivership create claims against the receivership itself; in those cases the statutory limitation to "actual and necessary costs" is not involved, but the explicit recognition extended to tort claims in those cases weighs heavily in favor of considering them within the general category of costs and expenses. In some cases arising under Chapter XI it has been recognized that "actual and necessary costs" are not limited to those claims which the business must be able to pay in full if it is to be able to deal at all. For example, state and federal taxes accruing during a receivership have been held to be actual and necessary costs of

---

**1.** In *Burlington Northern Railroad Co. v. Dant & Russell, Inc.*, 853 F.2d 700 (9th Cir.1988), the Ninth Circuit stated that: [t]he statute is explicit. Any claim for administrative expenses and costs must be the actual and necessary costs of preserving the estate for the benefit of its creditors.... The terms "actual" and "necessary" are construed narrowly so as "to keep fees and

administrative expenses to a minimum." *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 121 (Bankr.S.D.N.Y.1982). Actual benefit must accrue to the estate. Id. at 706. Claims which deplete the estate are not those which benefit the estate and, therefore, are not administrative. *Id.*

an - arrangement. The United States, recognizing and supporting these holdings, agrees with petitioner that costs that form "an integral and essential element of the continuation of the business" are necessary expenses even though priority is not necessary to [emphasis in original] the continuation of the business.... We hold that damages resulting from the negligence of a receiver acting within the scope of his authority as receiver give rise to "actual and necessary costs" of a Chapter XI arrangement. *Reading Co.*, 391 U.S. at 484–85, 88 S.Ct. at 1766–67 (1968) (emphasis added except where noted) (footnote omitted).

*N.P. Mining*, supra at 1454.

The analysis of the *Reading* court as set forth in the *N.P. Mining* decision is equally applicable here. Tort claims which arise during the "arrangement" are actual and necessary costs of arrangement rather than debts of the estate. *Reading*, 391 U.S. at 482, 88 S.Ct. at 1765. The Supreme Court held that it was natural and just that those injured by the operation of a business during arrangement recover ahead of those creditors for whose benefit the business is continued. *Id.* The Supreme Court analyzed the language of the statute allowing for administrative claims under the Bankruptcy. Act and found that their holding was dictated by the plain language of the statute and the equities of the case. *Id.* at 482–84, 88 S.Ct. at 1765–66.

The court in *N.P. Mining* addressed the applicability of *Reading* to the present bankruptcy code. *Id.* at 1455–56. Fairness to innocent victims of a trustee's negligence supported the decision of the *Reading* court to allow administrative status to a post-petition tort claimant. 391 U.S. at 477, 88 S.Ct. at 1762–63. The First Circuit followed *Reading* in granting administra-

tive status to post-petition compensatory fines. *Spunt v. Charlesbank Laundry, Inc.*, 755 F.2d 200 (1st Cir.1985). "If fairness dictates that a tort claim based on negligence should be paid ahead of prereorganization claims, then, *a fortiori*, an intentional act which violates the law and damages others should be so treated." *Id.* at 202. This decision was affirmed by the First Circuit in *In re Hemingway Transport, Inc.*, 954 F.2d 1 (1st Cir.1992). Contrary to the analysis of the bankruptcy court, the First Circuit did not have before it any issue of whether the post-petition response costs were entitled to administrative priority. That issue had been resolved in the district court which had granted the claimant administrative priority for response costs incurred post-petition. *In re Hemingway Transport, Inc.*, 126 B.R. 656 (D.Mass.1991). The issue on appeal was whether the attorneys' fees were also entitled to administrative priority.

The Bankruptcy Court relied upon its opinion in *Philadelphia Mortgage Trust*, supra, in sustaining the objections to the appellant's proof of claim. The Bankruptcy Court found that the nexus between the appellant's claim and the administration of the estate was not sufficient to support an administrative priority.[2] This Court disagrees and finds that the Bankruptcy Court's interpretation of section 503(b)(1)(A) is too narrow given the applicability of *Reading* and the clear statutory language. Further, this Court notes that the claim arose from a situation conferring a benefit upon the debtor. The claimant was at the debtor's establishment for a catering function. She was a business invitee present at the request of a party who was paying the debtor for catering services. Her presence was a benefit to the debtor and this claim arose as a result of her presence. Therefore, even under the narrow approach which the Court finds in-

---

**2.** The relevant portion of the Bankruptcy Court's Order follows:

"The claim of Marino relates to a post-petition tort injury at the debtor's catering establishment, prior to its closure. The only cognizable category of claims against the estate into which Marino's claim could possibly fall is that of an administrative claim under 11 U.S.C. § 503(b)(1)(A). As noted in *Philadelphia Mortgage Trust*, 117 B.R. 820, 825–28 (Bankr.E.D.Pa.1990), 11 U.S.C. § 503(b)(1)(A) is generally narrowly construed to include only liabilities which directly benefitted the debtor's estate. It is difficult to see how Marino's injury benefitted the debtor's estate."

appropriate, the claimant is entitled to administrative priority. Clearly, the appellant was at the debtor's establishment for the benefit of the debtor and the appellant's alleged accident occurred during a catering function. A sufficient nexus is present.

Upon remand, the Bankruptcy Court shall conduct appropriate proceedings to determine the amount of this administrative claim. The Court is aware that a plan has been confirmed in this case. That plan most likely provides for treatment of administrative claims of which this is one, and, therefore, there should be no need to modify the plan. This Court's Final Judgment follows.

### FINAL JUDGMENT

AND NOW, this 7th day of July, 1992, upon consideration of the Appeal of Yetta Marino of the April 10, 1992 Order of the Bankruptcy Court, IT IS HEREBY ORDERED that the Appeal of Yetta Marino is SUSTAINED and the April 10, 1992 Order of the Bankruptcy Court is VACATED and the matter remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion.